UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-63 (ADM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S SENTENCING** |
| v. | ) | **MEMORANDUM** |
| | ) | |
| Randolph Seth Anderson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Justin A. Wesley, Assistant United States Attorney, hereby respectfully submits its memorandum and position on sentencing as to defendant Randolph Seth Anderson. The United States is advocating for a sentence of 194 months' imprisonment.

## BACKGROUND

### A.    Factual Background

Anderson was on federal supervised release for felon in possession of a firearm when he robbed a thrift store and, the following day, a restaurant. On both occasions, Anderson brandished a firearm. After the second robbery, he led police on a chase where he fired a gun at an apartment unit to gain access, entered the building, and fled out the other side before surrendering.

**B.**     **Presentence Report and Guidelines Calculation**

On May 11, 2022, Anderson pled guilty to Counts 1 and 2 (Robbery and Brandishing a Firearm) of a two-count information. (PSR ¶ 1-2; DCD 11).

The PSR calculated a total offense level of 25 (including a three-level reduction for acceptance of responsibility) and a criminal history category of VI. (PSR ¶ 140). The defendant's applicable Guideline range is 110 months to 137 months imprisonment, followed by a minimum of 84 consecutive months imprisonment. (PSR ¶ 140). Effectively, the range is a minimum of 194 to 221 months imprisonment.

## POSITION ON SENTENCING

The issue before the Court is what constitutes a reasonable sentence considering the factors enumerated in Title 18, United States Code, Section 3553(a).  In fashioning a sentence, Section 3553(a) requires the Court to consider the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense; the need for deterrence; the need to protect the public from further crimes of the defendant; and the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a).  A consideration of these factors for defendant Anderson supports a total sentence of **194 months**. The government believes the seriousness of the instant offenses and Anderson's violent and repeat criminal history outweigh any countervailing factors.

**A.**     **Nature of the Offense**

The nature of the defendant's offense is very serious. He engaged in two violent robberies of businesses in which he pointed a firearm at employees. Notably, he possessed

and brandished a firearm in furtherance of his violent crimes, even though he was prohibited from possessing firearms by virtue of prior felony convictions. Robbery is an inherently dangerous crime, especially when a firearm is involved, in no small part due to the very real possibility of a violent confrontation between the perpetrator and the victims, bystanders, or law enforcement.

### B. The Defendant's History and Characteristics

Anderson's criminal history started with the theft of a motor vehicle in 1989 when he was 17 years old, but he was certified for adult prosecution. (PSR ¶ 49). Since then, he has accumulated more than 20 felony convictions, including criminal trespass, possession of controlled substances, thefts, financial transaction card fraud, possession of stolen property, burglaries, escape from custody,  fleeing a peace officer in a motor vehicle, felon in possession of a firearm (both state and federal), and multiple additional convictions for theft of a motor vehicle, , (DCD 50, 53, 56, 57, 58, 59, 61, 62, 63, 64, 65, 66, 67, 68, 70, 71, 72, 73, 74, 75, 76, 77). Terms of imprisonment ranged from a year and a day to 78 months. (PSR ¶ 158). The defendant has a poor record on supervised release with numerous violations, including the commission of new offenses.

The defendant suffered an unstable childhood, and has had longstanding struggles with mental health and substance abuse. (PSR ¶ 96-100, 112-122).

### C. Other Considerations

Perhaps the most important reasons for a significant sentence in this case are to reflect the serious of the offense, deterrence, and protection of the public. Anderson has over twenty past felony convictions, including burglaries of homes and possession of a

firearm. His history and manner of flight from law enforcement has also posed a danger to others on more than one occasion.

The current offense involves Anderson robbing two separate businesses at gunpoint and discharging a firearm to gain access to an apartment building while fleeing from police after those crimes.

In sum, a sentence for Anderson of 194 months is justified under the law and circumstances of this case. It accounts for both any mitigating and aggravating aspects of the defendant's personal history, while at the same time reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, affording adequate deterrence, and protecting the public from further crimes of the defendant.

## RESTITUTION

The provisions of the Mandatory Restitution Act, 18 U.S.C. § 3663A, apply to this case because the defendant was convicted of a crime of violence (*i.e.*, Interference with Commerce by Robbery) and there is one or more identifiable victims who have suffered a pecuniary loss.  18 U.S.C. § 3663A(c)(1); (PSR ¶ 21, 150).  The government has reached out to the victims in this case on more than one occasion but has not received any specific request for restitution. The government will provide the court and parties with any updates regarding restitution or victim impact statements if it becomes aware of them.

## **CONCLUSION**

For all the foregoing reasons, the United States respectfully recommends that the Court impose a sentence on defendant Anderson of 194 months in prison.

Respectfully submitted,

Dated:  September 26, 2022          ANDREW M. LUGER
                                   United States Attorney

/s/ *Justin A. Wesley*

BY:  JUSTIN A. WESLEY
Assistant U.S. Attorney
Attorney ID No. 0389189